UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12          4631**

FEIGIE SCHWARTZ on behalf of herself and
all other similarly situated consumers

                                    Plaintiff,

        -against-

LAW OFFICES OF HAROLD E. SCHERR, P.C.

                                    Defendant.

FILED
U S IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ SEP 1 4 2012 ★
BROOKLYN OFFICE

DEARIE, J.

GO. M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Feigie Schwartz seeks redress for the illegal practices of the Law Offices of
    Harold E. Scherr, P.C. in which it unlawfully engaged in the collection of consumer
    debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*
    ("FDCPA").

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
    debt.

5.  Upon information and belief, Defendant's principal place of business is located within
    New York, New York.

-1-

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Feigie Schwartz*

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  Within the one year immediately preceding this action, the Defendant left numerous messages on the Plaintiff's answering machine.

12.  On or about July 23, 2012, the Law Offices of Harold E. Scherr, P.C. left messages on Plaintiff Feigie Schwartz's voice mail stating: **"My name is Miss Gilmas, I am a legal assistant with the Law office of Harold Scherr..."**

13.  Miss Gilmas' said statement conveyed that the Law Offices of Harold E. Scherr, P.C. was meaningfully involved with the alleged debt.

14.  Said messages communicate to the least sophisticated consumer that the communication came from a law firm in a practical sense. Hence, this message violates 15 U.S.C. § 1692e(3).

-2-

Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011)

("Absent any disclaimer and without an attorney conducting any meaningful review,

using a "Law Office" letterhead states a claim for relief under Section 1692e(3).")

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates

a non-exhaustive list of sixteen debt-collection practices that run afoul of this

proscription, including "the false representation or implication that [a] communication is

from an attorney." Id. § 1692e(3). The Second Circuit has held that a debt-collection

letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not

"directly and personally involved" with the debtor's account — such as by reviewing the

debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21

(2d Cir. 1993); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38

(5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal

Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30,

2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D.

Minn. 2001) (Alsop, J.). The same applies to a prerecorded or human voice-mail

message because a voice mail message containing a law-firm audio caption such as **"My**

**name is Miss Gilmas, I am a legal assistant with the Law office of Harold**

**Scherr..."** would imply meaningful attorney involvement, which does not exist absent

participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner,

Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established

that a letter sent on law firm letterhead . . . does represent a level of attorney

involvement to the debtor receiving the letter. And if the attorney or firm had not, in

fact, engaged in that implied level of involvement, the letter is . . . misleading within the

meaning of the FDCPA."). The Second Circuit confronted similar facts in *Clomon*.

There, the attorney Defendant approved the form of dunning letters sent by a collection

agency and also "approved the procedures according to which th[e] letters were sent."

988 F.2d at 1317. He did not have any specific involvement with each debtor's account,

however, such as reviewing the debtor's file or the particular letter being mailed. *Id.*

The Second Circuit concluded that the challenged letters, despite bearing the Defendant

attorney's signature violated Section 1692e(3) because although literally "from" an

attorney, they "were not `from' [him] in any meaningful sense of that word." *Id.* at

1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained in the present

case. While many courts have ruled (*see e.g.* Carman v. CBE Group, Inc., 2011 U.S.

Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). Under the FDCPA, a debt collector has no

right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6),

1692e(11) or 1692c(b) if it does so. When a debt collection law firm like the **Law**

**Offices of Harold E. Scherr, P.C.** chooses to leave a voice mail message on the debtors

answering machine which uses the words **Law Offices of Harold E. Scherr, P.C.**

before any direct and personal involvement ("with the debtor's account — such as

reviewing the debtor's file), then absent any clear disclosure that no attorney has

reviewed the particular account, violates Section 1692e(3). *See also e.g.* Gonzalez v.

Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must

not send the message that a lawyer is involved because this deceptively sends the

message that the 'price of poker has gone up.")

In order for a collection agency to be Foti compliant a debt collector must put in each oral or written communication the debt collector disclaimer and the debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers. Furthermore, in order for a law firm who is engaged in purely debt collection activity to be Greco compliant if the debt collection law firm uses words that would imply the communication is coming from a law firm, then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities, the GRECO - NON ATTORNEY disclaimer is just like the Mini Miranda warning – it must be in every communication. In fact, the Law Offices of Harold E. Scherr, P.C. puts the NON ATTORNEY disclaimer in their letter communication because the Law Offices of Harold E. Scherr, P.C. is certain that not putting in the NON ATTORNEY disclaimer in a letter communication would imply that the said communication is from an involved attorney. Hence, when the Law Offices of Harold E. Scherr, P.C. is meaningfully involved, e.g. during litigation, the NON ATTORNEY disclaimer is absent from those communications. An oral or written communication from a LAW FIRM absent the NON ATTORNEY disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement. In general, it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one communication

-5-

to the next, such as a Mini Miranda or Greco - hence the case law that these disclaimers must be in **ALL** communications. In particular, the communication at hand in this case would imply that it is from an Attorney in the practical sense since it was the initial communication. No Bona Fide error defense exists because the Law Offices of Harold E. Scherr, P.C. has a standard practice to leave in every message, the words LAW FIRM or ATTORNEYS.

Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.); Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008) (The court summarized the law of deception under the least sophisticated consumer standard. A communication is deceptive for purposes of the Act if "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.); Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011) (A communication that could be "reasonably read to have two or more different

-6-

meanings, one of which is inaccurate," is considered deceptive.); Rosenau v. Unifund

Corp., 539 F.3d 218, 221 (3d Cir. 2008) (It is a remedial statute that we 'construe . . .

broadly, so as to affect its purpose.'" Communications are to be analyzed under the

least sophisticated debtor standard. A debt collection letter is deceptive where it can be

reasonably read to have two or more different meanings, one of which is inaccurate.);

Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008) (A debt collection letter "is

deceptive when it can be reasonably read to have two or more different meanings, one of

which is inaccurate.'"); Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006) (FDCPA

is a remedial, strict liability statute to be liberally construed. Communications from

collectors to debtors are analyzed from the perspective of the least sophisticated

consumer. A debt collection letter is deceptive where it can be reasonably read to have

two or more different meanings, one of which is inaccurate.); Holmes v. Mann Bracken,

L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009) (Where Defendant sent the

communication knowing that the contents could be "deceptive" because such

communication could have "two or more different meanings, one of which

is inaccurate," the court denied Defendant's motion for summary judgment.); Reed v.

Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009) (Objective

least sophisticated consumer standard applies. Thus, where there are two possible

meanings to a communication, one of which is inaccurate, the least-sophisticated

consumer could be misled or deceived by that inconsistency.); Mushinsky v. Nelson,

Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009) (A collection letter is

deceptive if it can reasonably have two meanings, one of which is inaccurate.); Dutterer

v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011) (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate"); Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice.)

15.   Defendant, as a matter of pattern and practice, leave voice mail messages, or cause voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left on Plaintiff's answering machine on many occasions.

16.   The human and or prerecorded voice mail messages Defendant leaves, or causes to be left on Debtors' answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, Robo calling technologies, dialers, and/or electronic databases.

17.   The voicemail communications from the Law Offices of Harold E. Scherr, P.C. that say: **"My name is Miss Gilmas, I am a legal assistant with the Law Office of Harold Scherr..."** is a standardized prescript-ed voice mail. Although the Law Offices of Harold E. Scherr, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said voicemail. The inclusion of "Law Firm" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

18.   If the Law Offices of Harold E. Scherr, P.C. desires to take advantage of the additional

collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit, so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. *See e.g.* Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved because this deceptively sends the message that the 'price of poker has gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

19.    The telephone number 1-800-858-8736 is answered by persons who are employed by the Law Offices of Harold E. Scherr, P.C. as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

20.    Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), and 1692e(10) for failing to qualify that the message was from a non-attorney, for implying meaningful attorney involvement, and that the communication came from an attorney in the practical sense.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

21.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

22.   This cause of action is brought on behalf of Plaintiff and the members of a class.

23.   The class consists of all persons whom Defendant's records reflect resided in New York State and who received telephone messages from one of Defendant's collection representatives (a) which stated that the messages were from the Law Offices of Harold E. Scherr, P.C., implying that the Law Offices of Harold E. Scherr, P.C. was meaningfully involved and that the communications came from an attorney in the practical sense and (b) the messages were left seeking payment of an alleged debt and (c) that Plaintiff asserts the messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), and 1692e(10).

24.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)   Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)   There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

-10-

(c)    The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)    The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

25.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

-11-

*Violations of the Fair Debt Collection Practices Act*

28.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

29.    The Defendant's violation of the Fair Debt Collection Practices Act entitles the Plaintiff

and the members of the class to damages in accordance with the Fair Debt Collection

Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's

favor and against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

and

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
       September 12, 2012

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq.

-12-